IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DEBRA F. ALDRIDGE, | : |
| Plaintiff, | : |
| VS. | : |
| | :    1 : 13-CV-30 (WLS) |
| CAROLYN COLVIN, | : |
| Acting Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on March 4, 2013, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence."  *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed applications for disability benefits and Supplemental Security Income benefits in September 2009.  (T- 170-80).  Her claims were denied initially and upon reconsideration.  (T – 112-25, 128-34).  A hearing was held before an ALJ in June 2011.  (T-52-84).  Thereafter, in a hearing decision dated July 13, 2011, the ALJ determined that the Plaintiff was not disabled.  (T- 12-29).  The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T-1-5).

*Statement of Facts and Evidence*

The Plaintiff was 43 years of age at the time of the ALJ's decision.  (T – 170).  Plaintiff alleges disability since June 24, 2009, due primarily to Sjögren's Syndrome, an autoimmune disease in which the body's white blood cells attack their moisture, manifesting itself primarily in the form of dry mouth and eyes.  (T - 197); www.sjogrens.org.  Plaintiff graduated from high school and has past relevant work experience as a school lunchroom worker.  (T- 203,198).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of Sjörgen's Syndrome and rheumatoid arthritis.  (T – 17).  The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity with certain restrictions.  (T – 18-19).  The ALJ relied on the Medical Vocational Guidelines (the "Grids") and the testimony of a Vocational Expert to determine that although the Plaintiff could not return to her past relevant work, the Plaintiff remained capable of performing other jobs that existed in significant numbers

in the national economy and thus was not disabled.   (T- 25).

## DISCUSSION

*Residual functional capacity*

The Plaintiff asserts that the ALJ erred in determining her residual functional capacity, in that the ALJ did not consider nerve conduction study results from June 2010, and furthermore, that agency physicians did not review this evidence prior to issuing their opinions.

The ALJ determined that

> the claimant has the residual functional capacity to perform light work . . . except she can lift, carry, push and pull 10 pounds frequently but no more than 15 pounds occasionally; she cannot climb ladders, ropes and scaffolds; [s]he can frequently climb ramps, but only occasionally climb stairs; she is limited to occasional kneeling, crawling and crouching and frequent balancing and stooping; she should avoid concentrated exposure to hazards such as heights and machinery, and environments of extreme cold or humidity; she also has manipulative limitations to the extent that she can only frequently handle and finger, but she can otherwise reach and feel bilaterally; she is able to sit for 30 minutes before having to stand[] briefly to relieve any discomfort; and she can walk and stand for no more than 15 to 30 minutes.

(T – 19).

The Plaintiff points to the results of nerve conduction studies dated June 7, 2010, which showed "[b]ilateral sensorimotor peripheral neuropathy with axonal and demyelinating features, moderate to severe" in Plaintiff's lower extremities, as well as right and left "peroneal neuropathy across the [] fibular head[s], severe."   (T – 404-06).

However, as pointed out by the Commissioner, physicians did not issue any limitations based on the nerve conduction study results.   Moreover, one of the State agency physicians did have the study results available for his review prior to the issuance of his opinion.   *See* T – 98-105.   Plaintiff has failed to

establish that the nerve conduction study results established limitations other than those set out by the ALJ in his residual functional capacity assessment.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (claimant bears the burden of proving disability and must produce evidence in support of her  claim).  Thus, the ALJ's determination of the Plaintiff's residual functional capacity is supported by substantial evidence.

*Credibility determination*

The Plaintiff also asserts that the ALJ erred in evaluating her credibility.   If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.   20 C.F.R. § 404.1529(a).   Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c).   The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."   20 C.F.R. § 404.1529(c)(4).   If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled.   If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ determined that

> [a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(T – 20).

The ALJ then detailed the Plaintiff's medical treatment, and concluded that

> [i]n sum, the objective medical evidence reveals mostly mild or generally unremarkable findings, and documents that the prescribed medications have been relatively effective in controlling some of the claimant's symptoms when taken as prescribed . . .
>
> Further, the claimant's admitted activities of daily living, including driving a vehicle; shopping for groceries using a buggy; loading and unloading groceries using both hands; swimming in the pool with her children for up to 30 minutes; folding laundry; preparing meals; washing dishes; sweeping floors; and making beds, are far more compatible with a person able to sustain competitive work than they are with those of an incapacitated person.
>
> The overwhelming evidence supports the claimant's ability to perform light work with the additional limitations specified in the above-stated residual functional capacity assessment. The undersigned has considered the objective medical evidence of record, the treatment required by the claimant, the claimant's testimony and subjective complaints and the undersigned's assessment of the claimant's credibility.

(T – 22-23).

The Plaintiff argues that the ALJ's findings regarding her activities are not supported by substantial evidence, as Plaintiff's testimony reveals a more limited range of activity than that described by the ALJ and used to discredit Plaintiff's accounts of disabling limitations.

The Court finds that the ALJ thoroughly considered and evaluated the record and the Plaintiff's subjective complaints, and properly provided sufficient reasons for partially discrediting Plaintiff's

testimony.  The ALJ accurately depicted the Plaintiff's testimony regarding her activities.  *See* T – 20, 66-68.  The ALJ also looked to the conflicts between the objective medical record and Plaintiff's subjective complaints in finding that Plaintiff's subjective complaints were not entirely credible.  The record supports the ALJ's findings that the objective medical record, specifically those findings of State agency physicians, conflicts with Plaintiff's allegation of disabling pain and limitation.  The State agency physicians issued significantly less severe restrictions on Plaintiff's physical abilities than those to which Plaintiff testified.

To the extent that the Plaintiff asserts that the ALJ erred in observing that the Plaintiff had not been compliant in taking her medications inasmuch as Plaintiff testified that she could not afford medications and treatment, the Court notes that a "claimant's failure to follow prescribed treatment cannot be used to deny benefits if [claimant] testifies that she cannot afford treatment."  *Moore v. Astrue*, 2009 WL 1025389 *3 (M.D.Ga., April 15, 2009) *citing Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988).  However, the ALJ can note a claimant's noncompliance, as long as his decision regarding disability is not based on the claimant's noncompliance.  *Id.*   Here, the ALJ clearly did not rely on Plaintiff's noncompliance with treatment as a basis of his finding of disability.

*"Other jobs" evidence*

Finally, the Plaintiff asserts that the ALJ erred at Step Five of the sequential evaluation process by failing to prove that other jobs exist in the national economy which Plaintiff is capable of performing.  Specifically, the Plaintiff points to the ALJ's conclusion that the Plaintiff could perform certain semi-skilled jobs, without making specific findings that the Plaintiff possessed specific skills that transferred to the specific occupations.

The ALJ specifically found that

> Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled"[,] whether or not the claimant has transferable job skills[.]

(T – 23).

The ALJ was not required to issue specific findings regarding Plaintiff's transferable skills, as such skills were not material to the issue of disability.  In finding that there were other jobs which the Plaintiff could perform, the ALJ looked in part to Medical-Vocational Rule 202.21, which provides for a finding of "not disabled" where a claimant has a residual functional capacity for light work, is a younger individual, has a high school education or more, and has experience performing skilled or semi-skilled work involving non-transferable skills.  *See* 20 C.F.R. Part 404, Subpart P, App. 2. "Given the ALJ's reliance on [§ 202.21] and his statement that the transferability of Plaintiff's job skills was not material, it is clear that the ALJ found Plaintiff did not have transferable skills." *Perdue v. Astrue*, 2009 WL 3067219 *6 (M.D. Fla., Sept. 23, 2009).  Accordingly, the ALJ correctly used the Grids as a guideline on the issue of disability, which directs a finding of no disability when skills are *not* transferable.  The transferability of Plaintiff's skills was therefore not at issue.  *Cf.* Social Security Ruling 82-41 ("When the issue of skills and their transferability must be decided, the adjudicator or the ALJ is required to make certain findings of fact and include them in his written decision . . . When a finding is made that a claimant has transferable skills, the acquired work skills must be identified").

## *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of §

405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 17th day of March, 2014.

                                                                               s/  *THOMAS Q. LANGSTAFF*
                                                                               **UNITED STATES MAGISTRATE JUDGE**

asb